1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOSE RODRIGUEZ,

11              Plaintiff,

12        vs.                                    CIV S-05-1671 LKK KJM PS

13    JOHN EDMON,

14              Defendant.                       <u>ORDER</u>

15    _____/

16            Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief under 29 U.S.C.

17    § 501 and various state statutes, and has requested authority under 28 U.S.C. § 1915 to proceed

18    in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

19            Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20    unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21    forma pauperis will be granted.  28 U.S.C. § 1915(a).

22            The federal in forma pauperis statute authorizes federal courts to dismiss a case if

23    the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

24    granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25    § 1915(e)(2).

26    /////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.

6    A complaint, or portion thereof, should only be dismissed for failure to state a

7    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

8    of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

9    Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

10   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11   complaint under this standard, the court must accept as true the allegations of the complaint in

12   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

13   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

14   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15   The court has determined that the complaint does not contain a short and plain

16   statement as required by Fed. R. Civ. P. 8(a)(2).  The court also finds the allegations in plaintiff's

17   complaint so vague and conclusory that it is unable to determine whether the current action is

18   frivolous or fails to state a claim for relief.  For example, although plaintiff indicates the action is

19   based in part on 29 U.S.C. § 501(a), that statute relates to the fiduciary obligations of labor

20   organization officials.  Nothing in the complaint indicates that any named party is such an

21   official; even if such an official were named, plaintiff would be required to follow the pre-filing

22   procedures set forth in the statute.  Additionally, the complaint appears to seek the court's

23   assistance in invoking criminal penalties, which are available only in successful prosecutions

24   brought by federal prosecutors; there is no indication that plaintiff otherwise relies on any statute

25   creating a private right of action with regard to the underlying actions of defendants of which he

26   complains.  The amount in controversy also does not appear sufficient to support federal

2

1  jurisdiction, and insufficient information is provided to allow a determination of whether

2  diversity jurisdiction adheres.  28 U.S.C. § 1332.

3          Although the Federal Rules adopt a flexible pleading policy, a complaint must

4  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community

5  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

6  degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

7  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

8  complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

9          If plaintiff chooses to amend the complaint, plaintiff must set forth the

10  jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

11  Procedure 8(a).  There is no apparent basis for subject matter jurisdiction evident in the

12  complaint.  Further, plaintiff must demonstrate how the conduct complained of has resulted in a

13  deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

14          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

15  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

16  amended complaint be complete in itself without reference to any prior pleading.  This is

17  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

18  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

19  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

20  original complaint, each claim and the involvement of each defendant must be sufficiently

21  alleged.

22          Defendant has noticed a motion to dismiss for hearing on October 19, 2005.

23  Because the court is dismissing the complaint with leave to amend, defendant's motion will be

24  taken off calendar.

25          Plaintiff also has requested appointment of counsel.  In light of the dismissal of

26  the complaint, the court cannot determine at this time whether appointment of counsel is

1  warranted.  The motion for appointment of counsel will therefore be denied without prejudice.

2            In accordance with the above, IT IS HEREBY ORDERED that:

3            1.  Plaintiff's request to proceed in forma pauperis is granted;

4            2.  Plaintiff's complaint is dismissed;

5            3.  Plaintiff is granted thirty days from the date of service of this order to file an

6  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

7  and the Local Rules of Practice; the amended complaint must bear the docket number assigned

8  this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

9  copies of the amended complaint; failure to file an amended complaint in accordance with this

10  order will result in a recommendation that this action be dismissed;

11            4.  Defendant's motion to dismiss, noticed for hearing on October 19, 2005, is

12  denied as moot.  Pending the court's review of plaintiff's  amended complaint, if any, defendants

13  need not respond to the filing of an amended complaint until further order of the court; and

14            5.  Plaintiff's motion for appointment of counsel is denied without prejudice.

15  DATED: October 3, 2005.

16

17                              _____
                                UNITED STATES MAGISTRATE JUDGE

18

19

20  006
21  rodriquez.ifp-lta

22

23

24

25

26