IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE RODRIGUEZ,

    Plaintiff,

  vs.                               CIV S-05-1671 LKK KJM PS

JOHN EDMON,

    Defendant.               ORDER

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1   A complaint, or portion thereof, should only be dismissed for failure to state a
2  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
3  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
4  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
5  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6  complaint under this standard, the court must accept as true the allegations of the complaint in
7  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
8  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
9  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10   Plaintiff's amended complaint in the caption sets forth claims for breach of
11  contract and embezzlement.  Such claims are state law claims.  The allegations in the body of the
12  complaint concern a dispute plaintiff has with defendant regarding a written contract and
13  plaintiff's complaints about the attorney representing defendant.  The amount in controversy does
14  not meet the jurisdictional requirements for diversity jurisdiction under 28 U.S.C. § 1332.  Nor is
15  there any apparent diversity of citizenship between plaintiff and the named defendant.  The
16  federal court is one of limited jurisdiction.  Plaintiff is advised that it appears his complaint
17  should proceed forward in a state court, not a federal court.  The court will, however, grant one
18  final opportunity to file a second amended complaint alleging a proper basis for jurisdiction in
19  this court.

20   If plaintiff chooses to amend the complaint, plaintiff must set forth the
21  jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil
22  Procedure 8(a).  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
23  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
24  amended complaint be complete in itself without reference to any prior pleading.  This is
25  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
26  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's amended complaint is dismissed;

        2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

        3. Pending the court's review of plaintiff's amended complaint, if any, defendants need not respond to the filing of a second amended complaint until further order of the court.

DATED: October 26, 2005.

                              UNITED STATES MAGISTRATE JUDGE

006
rodriquez2.lta