IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE RODRIGUEZ,

    Plaintiff,

  vs.                               CIV S-05-1671 LKK KJM PS

JOHN EDMON,

    Defendant.              ORDER

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed a second amended complaint.

        As previously noted, the federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's second amended complaint again suffers from the deficiencies previously noted with regard to the original and first amended complaints.  It now appears plaintiff is claiming jurisdiction over this action is conferred under the Bankruptcy Code.  A review of the docket for the Bankruptcy Court, Eastern District of California, does not list the named defendant in this action as a filer for bankruptcy.[1]  The allegations of the second amended complaint are too vague for this court to determine which bankruptcy proceeding is being referenced.  Accordingly, plaintiff will be granted one final opportunity to cure the jurisdictional deficiencies evident in his complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

---

[1] Defendant's September 9, 2005 motion to dismiss indicates defendant's true name is "Edman."  A search under that name, as well as under "Edmon" revealed no filings in the Bankruptcy Court under either name.

1  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
2  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
3  original complaint, each claim and the involvement of each defendant must be sufficiently
4  alleged.
5              In accordance with the above, IT IS HEREBY ORDERED that:
6          1.  Plaintiff's second amended complaint is dismissed;
7          2.  Plaintiff is granted thirty days from the date of service of this order to file a
8  third amended complaint that complies with the requirements of the Federal Rules of Civil
9  Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket
10 number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file
11 an original and two copies of the third amended complaint; failure to file a third amended
12 complaint in accordance with this order will result in a recommendation that this action be
13 dismissed;
14         3.  Pending the court's review of plaintiff's amended complaint, if any,
15 defendants need not respond to the filing of a third amended complaint until further order of the
16 court.
17 DATED:  December 8, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
rodriquez3.lta

3